

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
STATE OF MISSISSIPPI

MICHAEL D. STEVENSON AND
O. DARA STEVENSON                                                      **PLAINTIFFS**

**VERSUS**                        CIVIL ACTION NO. _1:07CV943LG-JMR_

BROTHERS OF THE SACRED HEART
D/B/A/ ST. STANISLAUS COLLEGE,
AND/OR ST. STANISLAUS COLLEGE PREP,
AND/OR ST. STANISLAUS HIGH SCHOOL,
ST. STANISLAUS COLLEGE AND/OR
ST. STANISLAUS COLLEGE PREP, AND/OR
ST. STANISLAUS HIGH SCHOOL, BROTHER
WILLIAM; AND JOHN DOE DEFENDANTS, A-Z         **DEFENDANTS**

## COMPLAINT

## JURY TRIAL REQUESTED

Plaintiffs, Michael D. Stevenson, a person of the full age of majority and a citizen of the United States residing in the State of Wyoming, and O. Dara Stevenson, a person of full age of majority and a citizen of the United States residing in the State of Louisiana, bring this action against Brothers of the Sacred Heart individually d/b/a St. Stanislaus College and/or St. Stanislaus College Prep and/or St. Stanislaus High School (hereinafter Brothers of the Sacred Heart); and St. Stanislaus College and/or St. Stanislaus Prep and/or St. Stanislaus High School(hereinafter St. Stanislaus) and "Brother William" ;and each plaintiff individually and jointly avers/aver the following:

## JURISDICTION AND VENUE

1.      Jurisdiction is based upon diversity of citizenship and requisite jurisdictional amount pursuant to Title 28 U.S.C., §1333, *et seq.*

2. Made defendants herein are:

   a. Brothers of the Sacred Heart, a religious order believed to be operating in Bay St. Louis, Mississippi which is a citizen of a State other than Wyoming or Louisiana;

   b. St. Stanislaus College and/or St. Stanislaus College Prep and/or St. Stanislaus High School (herein after, collectively St. Stanislaus), an entity or entities organized and existing in a state other than Wyoming or Louisiana;

   c. Brother William, a citizen of a State other than Wyoming or Louisiana; and

   d. John Doe Defendants A-Z. These are defendants whose identifies are unknown but who will be substituted as Defendants when their identities are known.

3. As to each Plaintiff, the amount in controversy exceeds $75,000.00, excluding interest and cost.

## FACTS AND ALLEGATIONS

4. During the 1983-1984 school year, Michael D. Stevenson, then a fifteen (15) year old minor, was a student at St. Stanislaus. St. Stanislaus is believed to have been and is currently owned and operated by defendant Brothers of the Sacred Heart.

5. Throughout the 1983-1984 school year, Michael D. Stevenson was subject to the supervision of "Brother William", a pedophile, who at all material times was employed by and acting in the course and scope of his employment with the Brothers of the Sacred Heart and/or St. Stanislaus.

6. In 1983-1984, and thereafter, Brother William was/is a member of the order of the Brothers of the Sacred Heart.

7. The Brothers of the Sacred Heart Order and the other defendants herein were/are vicariously liable for the actions and/or inactions of Brother William in 1983 and 1984 and thereafter.

8. On multiple occasions during the 1983-1984 school year, Michael D. Stevenson was summoned by Brother Williams to his office, at which times Brother William perpetrated various acts of pederasty, sexual and mental abuse on Michael D. Stevenson, including but not limited to, masturbation, fellatio and sodomy.

9. As a result of the foregoing, Michael D. Stevenson suffered extreme physical and mental pain and suffering, which caused Michael D. Stevenson to deal with the forgoing pederasty, sexual and mental abuse, by resorting to mind altering drugs, to which Michael D. Stevenson became physically and mentally addicted, which caused Michael D. Stevenson unsoundness of mind within the meaning of Mississippi Code Ann. § 15-1-59.

10. Because of the continuous and/or repetitive pederasty, sexual and mental abuse and resulting drug addiction Michael D. Stevenson developed a repressed memory, of the pederasty, sexual and mental abuse by Brother William, thereby suffering a latent injury within the meaning of Mississippi Code Ann. § 15-1-49.

11. Michael D. Stevenson's drug addiction and unsoundness of mind continued until the late summer or early fall of 2006, and he continues to deal with occasional drug

relapses. His repressed memory of the pederasty, sexual and mental abuse existed until November 2006, at which time his memory was revived through counseling.

12.     At all material times Michael D. Stevenson was disabled by infancy and/or unsoundness of mind within the meaning of Mississippi Code Ann. § 15-1-59.

13.     Based upon information and belief, the Defendants took active measures to conceal the criminal acts of Brother Williams from the Plaintiff and those similarly situated.

14.     Based upon information and belief, the Defendants obtained actual knowledge of the crimes committed as outlined herein. However, rather than report these to the minor's parents or appropriate law enforcement authorities, the Defendants actively concealed the crimes and continued to expose vulnerable children to a known pedophile.

15.     At all pertinent times herein, defendants knew or should have known of Brother William's propensity to pedophilia, yet took no reasonable action to protect the students, such as Michael D. Stevenson from Brother William.

16.     At all pertinent times herein, the defendants had certain duties, both fiduciary and otherwise, to Michael D. Stevenson and O. Dara Stevenson, which defendants breached.

17.     As a result of the above stated sexual acts performed by Brother William on the minor, Michael D. Stevenson, as well as the resulting drug addiction, Michael D. Stevenson has suffered and will suffer serious and permanent and disabling injuries to his mind and body, past, present, and future, as well as loss of enjoyment of life with and/or

a meaningful relationship with his father, O. Dara Stevenson, as well as with other members of his family.

18.     Based upon information and belief, the Defendants knew that Brother William engaged in a pattern and practice of molestations, but did not report these or any other instances of abuse to the appropriate authorities.

19.     The Defendants' actions were willful, wanton, and demonstrate callous disregard; and/or gross negligence, which caused plaintiff, Michael D. Stevenson, such severe and life long injuries, Plaintiffs herein assert a claim for punitive damages.

## COUNT I

## CIVIL CONSPIRACY

20.     As a result of the foregoing and because the actions and/or inactions of the Brothers of the Sacred Heart, St. Stanislaus and/or Brother William, defendants are liable to Michael D. Stevenson for civil conspiracy.

21.     The Defendants conspired to conceal the actions of Brother William from the minor's parents, law enforcement authorities and the public at large.  As a result, the Plaintiffs were damaged as stated herein.

## COUNT II

## FRAUD AND/OR FRAUDULENT CONCEALMENT/ NEGLIGENT AND FRAUDULENT MISREPRESENTATION

5

22. The Defendants have committed fraud upon the Plaintiffs by representing that the minor child would and had been protected and adequately and properly supervised.

23. In reality, the Defendants abused and violated the minor child. As a result, the Plaintiffs have been damages as set forth herein.

## COUNT III

## NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

24. Defendants, through their actions and dealings with Plaintiffs, negligently and/or intentionally inflicted mental and emotional distress upon Plaintiffs and are liable to Plaintiffs for all damages flowing from these actions and caused to be suffered by Plaintiffs.

## COUNT IV

## NEGLIGENCE

25. The Defendants had a duty to act reasonably to protect and supervise the minor Plaintiff and deal honestly with his father. The Defendants breached this duty by:

    (a) negligently supervising Brother William;

    (b) negligently hiring and continuing to employ a known pedophile;

    (c) negligently supervising and instructing the minor Plaintiff;

    (d) negligently failing to report the acts of abuse to the minor's parents or law enforcement;

    (e) failing to take reasonable measures to insure the safety of the minor Plaintiff; and

    (f)    other acts of negligence and gross negligence which will be shown at trial.

26. The Defendants' actions were grossly negligent entitling the Plaintiffs to punitive damages.

## COUNT V

## NEGLIGENCE *PER SE*

27. The Defendants' actions constitute negligence *per se* based on pederasty, sexual and mental abuse of Michael D. Stevenson and gross, wanton and/or negligent behavior, which renders defendants liable to Michael D. Stevenson for all applicable and recoverable compensatory damages, including but not limited to rehabilitation and medical expenses in the past and future, and mental anguish in the past and extreme pain and mental anguish in the future, and loss of enjoyment of his father/son relationship, all for which Michael D. Stevenson is entitled to sue and recover damages, as well as punitive and/or exemplary damages from defendants herein.

## COUNT VI

## TORTIOUS BREACH OF CONTRACT

28. Plaintiff, O. Dara Stevenson, incorporates herein all of the allegations contained in paragraph 1 through 27 above as if copied herein in *in extenso*.

29. O. Dara Stevenson is the natural father of co- petitioner, Michael D. Stevenson .

30. In or about 1983, plaintiff, O. Dara Stevenson entered into a contract with one or more of the defendants herein to pay for tuition, books, room, board, protection, nurturing, and other goods and services for his son, Michael D. Stevenson to live at, and attend classes at St.

Stanislaus, and to be protected, supervised, nurtured and cared for by defendants for the 1983-84 school year.

31.  In consideration of the Brothers of the Sacred Heart providing the foregoing, to him and his minor son, Michael D. Stevenson, O. Dara Stevenson paid the Brothers of the Sacred Heart substantial sums of money.

32.  As such, O. Dara Stevenson and the Brothers of Sacred Heart entered into a valid enforceable contract within the laws of the State of Mississippi.

33.  Pursuant to said contract, O. Dara Stevenson, relied upon the Brothers of the Sacred Heart and/or St. Stanislaus, and/or Brother William, to protect his son Michael D. Stevenson from harm and to nurture him in a wholesome and morally correct way, among other reliances.

34.  Instead of protecting and nurturing O. Dara Stevenson's minor son, Michael D. Stevenson, the Brothers of the Sacred Heart, and/or St. Stanislaus allowed and/or directed Michael D. Stevenson to be under the direct supervision, authority, care, custody, and/or control of Brother William, a pedophile, who sexually abused Michael D. Stevenson, as outlined in paragraph 1 through 27 above; in breach of O. Dara Stevenson's contract with the Brothers of the Sacred Heart and/or St. Stanislaus and/or Brother William.

## COUNT VII

## BREACH OF FIDUCIARY DUTY

35.  Defendants had a fiduciary duty to both Michael D. Stevenson and O. Dara Stevenson, which defendants breached.

36.     As innkeepers, providing room and board to Plaintiff, Michael D. Stevenson, pursuant to the contract with O. Dara Stevenson, defendants had a duty to provide a high degree of care to both plaintiffs, which duty the defendants have breached.

37.     Defendants further had a duty to notify plaintiff, O. Dara Stevenson, of the damages perpetrated upon his minor son, Michael D. Stevenson, yet defendants have never notified plaintiff O. Dara Stevenson of same, thereby breaching said duty.

## COUNT VIII

## NEGLIGENT/FRAUDULENT CONCEALMENT

38.     Defendant's failure to notify plaintiff, O. Dara Stevenson, of such actions perpetrated upon his minor son, Michael D. Stevenson, constituted negligent concealment and/or fraudulent concealment of the actions of Brother William, by the Brothers of Sacred Heart Order, and/or St. Stanislaus and/or Brother William.

## DAMAGES

39.     As a result of the sexually abusive acts of Brother William perpetrated on O. Dara Stevenson's minor son, Michael D. Stevenson, and the resulting drug addiction of his son Michael D. Stevenson, all of which breached defendant's contract with O. Dara Stevenson; Plaintiff, O. Dara Stevenson has suffered severe damages, including payment of hundreds of thousands of dollars in bills for both medical and drug rehabilitation, and many other related bills, as well as both physical suffering and mental anguish.

40.     Due to negligent and/or fraudulent concealment of the actions of Brother William by the Brothers of the Sacred Heart Order, O. Dara Stevenson had no knowledge of the sexual

and/or mental abuse perpetrated on his son Michael D. Stevenson until after November, 2006 when Michael D. Stevenson's repressed memory was revived through counseling.

41.     As a result of the foregoing, because of the actions and/or inactions of the Brothers of the Sacred Heart, St. Stanislaus and/or Brother William, defendants have breached the contract with O. Dara Stevenson and are liable to O. Dara Stevenson for tortious breach of contract, breach of contract, fraud and/or fraudulent concealment, negligence, intentional infliction of emotional distress, negligent and/or fraudulent misrepresentation, negligence per se based on pederasty, sexual and mental abuse of Michael D. Stevenson and gross, wanton and/or behavior, which renders defendants liable to O. Dara Stevenson for all applicable and recoverable compensatory damages, including but not limited to rehabilitation and medical expenses in the past and future, and mental anguish in the past and extreme pain and mental anguish hi the future, and loss of enjoyment of his father/son relationship, all for which Dara Stevenson is entitled to sue and recover damages, as well as punitive and/or exemplary damages from defendants herein.

42.     The foregoing pederasty, sexual and mental abuse and the manner in which the Brothers of Sacred Heart and Brother William dealt with Michael D. Stevenson and/or O. Dara Stevenson are such that defendants acted with actual malice, and/or gross negligence which evidences a willful, wanton or reckless disregard for the safety of Michael D. Stevenson and others, as well as committing actual fraud. Accordingly, defendants are liable to O. Dara Stevenson for punitive damages within the meaning of Mississippi Code § 11-1-65.

As a result of the Defendants' actions and inactions as set forth herein, the Plaintiffs have suffered damages, including, but not necessarily limited to: past and future medical expenses; past and future lost earnings and earning capacity; physical pain and suffering; mental anguish

and emotional distress; damages for the tortious breach of contract; loss of enjoyment of life; and such other damages we will be shown at trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request all compensatory damages set forth herein and otherwise available, including: pre- and post-judgment interest, attorney's fees, costs, and such other damages as will be shown at trial. Plaintiffs also request punitive damages, all in an amount deemed sufficient by a jury at the trial of this cause.

RESPECTFULLY SUBMITTED, this the _____ day of July, 2007.

                                       **MICHAEL D. STEVENSON and O. DARA**
                                       **STEVENSON, Plaintiffs**

BY: _____
            MARK D. LUMPKIN (MSB #8864)
            JAMES R. REEVES, JR. (MSB # 9519)
            Lumpkin & Reeves, PLLC
            P. O. Drawer 1388
            Biloxi, MS 39533
            Phone: 228/374-5151
            Fax: 228/374-6630