IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL D. STEVENSON and O. DARA STEVENSON § § § | | PLAINTIFFS |
| VERSUS § § | | NO. 1:07CV943-LG-JMR |
| BROTHERS OF THE SACRED HEART d/b/a ST. STANISLAUS COLLEGE, and/or ST. STANISLAUS COLLEGE PREP, and/or ST. STANISLAUS HIGH SCHOOL, ST. STANISLAUS COLLEGE and/or ST. STANISLAUS COLLEGE PREP, and/or ST. STANISLAUS HIGH SCHOOL, BROTHER WILLIAM LEIMBACH, and JOHN DOE DEFENDANTS A-Z § § § § § § § § § § | | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER OF
DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**

BEFORE THE COURT, *sua sponte*, is the matter of this Court's subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3). The Court ordered the parties to brief the matter. The Court has considered the parties's briefs, the relevant law, and the record and finds that it has no subject matter jurisdiction. The case is dismissed without prejudice.

FACTS AND PROCEDURAL HISTORY

On July 13, 2007, Plaintiffs filed this action in this Court and alleged diversity jurisdiction for the alleged sexual and mental abuse of Plaintiff Michael Stevenson while a student at St. Stanislaus. Michael is a resident of Wyoming, and his father Plaintiff O. Dara Stevenson is a resident of Louisiana. Defendant Brothers of the Sacred Heart is likewise a Louisiana domiciliary, while the remaining parties are Mississippi defendants. Michael brings a claim of negligence per se. Both Plaintiffs advance claims for civil conspiracy, fraudulent and

negligent misrepresentation, negligent and intentional infliction of emotional distress, negligence, tortious breach of contract, and breach of fiduciary duty.

## DISCUSSION

Plaintiffs agree that there is a lack of diversity. Sacred Heart argues that Dara is an improperly joined plaintiff, whose citizenship should be disregarded. In the alternative, Sacred Heart requests the Court to sever and dismiss Dara's claims, and retain Michael's. The remaining defendants did not brief the matter.

Diversity jurisdiction cannot exist where at least one plaintiff is from the same state as at least one defendant. *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 553 (2005). Because Dara and Sacred Heart are both from Louisiana, the Court has no diversity jurisdiction. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Nevertheless, Sacred Heart argues that Dara has no reasonable possibility of recovery, because his claims are time-barred. This type of improper joinder argument is argued on removal. "[O]riginal subject matter jurisdiction and removal jurisdiction, although intimately related, are two separate concepts in the federal courts." *Nationalcare Corp. v. St. Paul Prop. & Cas. Ins. Co.*, 22 F. Supp. 2d 558, 563 (S.D. Miss. 1998). It is a "*removing party['s]* . . . heavy burden of proving that the joinder was improper" so as to defeat diversity jurisdiction. *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 576 (5th Cir. 2004) (emphasis added). Notably, the removal statute refers to parties "properly joined." 28 U.S.C. § 1441(b). Outside of the removal context, "[a] district court shall not have jurisdiction of a civil action in which any party . . . has been improperly or collusively made or joined to invoke the jurisdiction of such court." 28

U.S.C. § 1359.  Section 1332, on the other hand, only refers to whether the action is "between citizens of different states," and makes no reference to the propriety of joinder.  28 U.S.C. § 1332.  The propriety of joinder therefore may only be considered to invoke removal jurisdiction or to defeat original jurisdiction.  It may not be considered to invoke original jurisdiction.  Moreover, given that Plaintiffs were the ones to invoke federal jurisdiction, as a matter of law, Sacred Heart cannot show that Plaintiffs were trying to improperly defeat federal jurisdiction.  This case has been pending now for close to a year without apparent notice that there is incomplete diversity.  Both Plaintiffs are out-of-state residents suing, among others, in-state residents.

Even if the Court were to consider whether Dara has a reasonable possibility of recovering under state law, Sacred Heart asks the Court to pass on the merits of Michael's claims in order to do so.  It relies on the briefs in support of the pending motion to dismiss Michael's claims, wherein it is argued, "O. Dara Stevenson's claims of breach of contract and breach of fiduciary duty are derivative causes of action which accrued at the same time that the underlying claims of sexual abuse . . . accrued and, similarly, would be barred by the applicable statute of limitations."  (Reply in Support of Mot. Dismiss at 14-15).  A showing that would compel dismissal of the diverse plaintiff, is insufficient to prove improper joinder of the non-diverse plaintiff.  *Smallwood*, 385 F.3d at 571 (considering improper joinder of in-state *defendant*).  This is an invitation to reach the merits of the underlying case, rather than the propriety of Dara's joinder.  *Id.* at 574.  In such a case, the Court is without subject matter jurisdiction to rule.  *Id.* at 575.

    **IT IS THEREFORE ORDERED AND ADJUDGED** that this case is dismissed

without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED AND ADJUDGED** that any and all pending motions are denied as moot.

**SO ORDERED AND ADJUDGED** this the 30th day of June, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE